UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MOORE,

                     Petitioner,

     -v-

THE STATE OF NEW YORK,

                     Respondent.

ORDER

04 CV 02965 (GBD)(HBP)

GEORGE B. DANIELS, District Judge:

      Pro se petitioner Robert Moore filed a writ of habeas corpus seeking an order vacating a judgment of conviction for criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance near school grounds. Petitioner asserts an ineffective assistance of counsel claim on the basis that his trial counsel failed to interview a witness whose testimony at trial would have helped petitioner's defense. Petitioner further contends that the state court's denial of his 440.10 motion to vacate was an unreasonable application of established federal law. This Court referred the matter to Magistrate Judge Henry B. Pitman for a Report and Recommendation. Magistrate Judge Pitman issued a Report and Recommendation ("Report") recommending that the petition be dismissed. The Court adopts the Report's recommendation that petitioner's writ of habeas corpus be denied.

      The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; Rivera v. Barnhart, 423 F.Supp.2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See, Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz,

447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if there is no clear error on the face of the record. Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Pitman found that trial counsel's failure to interview, and then to, subsequently, call the witness to testify was not prejudicial to petitioner since the witness' testimony would not have undermined jurors' confidence in the outcome. The magistrate judge concluded that the petitioner's ineffective assistance claim must fail because petitioner could not demonstrate that there was a reasonable possibility that the outcome would have been different if the witness had testified at trial.

In his report, Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Petitioner timely filed objections. Petitioner contends that the Report improperly assumes the role of a juror by evaluating the credibility of the witness. The Court finds Petitioner's objections to be without merit. After carefully reviewing the Report and Petitioner's objections, the Court finds that the report is not facially erroneous, and adopts the Report in its entirety. Accordingly, the writ is denied and the petition dismissed.

Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-260 (2d Cir. 1997);

Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: November 12, 2008
   New York, New York

SO ORDERED:

GEORGE B. DANIELS
United States District Judge